861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mendel Warren WILSON, a/k/a Willie, Defendant-Appellant.
 No. 88-5543.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 29, 1988.
Decided: Oct. 20, 1988.
 
 James G. Kolb, on brief, for appellant.
 Breckinridge L. Willcox, United States Attorney; Andrew G.W. Norman, Assistant United States Attorney; Richard Kay, Law Clerk, on brief, for appellee.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The parties have stipulated to a submission for decision on the briefs on the grounds that facts and legal arguments are adequately presented and oral argument would not be a significant aid to the decisional process.
 
 
 2
 The stipulation further shows the parties in agreement that at least a partial remand to correct the sentence has been rendered necessary by the recent decision in United States v. Whitehead, 849 F.2d 849 (4th Cir.1988). We consequently proceed to decision upon the joint waiver of oral argument.
 
 
 3
 Timing is often important, and that is particularly true in this case. The offense which was the genesis of the matter was the distribution of cocaine on November 10, 1986. The defendant, Mendel Warren Wilson, has pleaded guilty to one charge and not guilty to the remaining associated counts. The plea occurred at rearraignment on November 3, 1987.
 
 
 4
 On November 1, 1987, provisions of law permitting supervised release and the imposition of terms applicable thereto first became effective. By act of October 27, 1986, the provisions for supervised release had been enacted to replace those theretofore applicable to a "special parole term." However, the effective date for the October 27, 1986 enactment was fixed as November 1, 1987.
 
 
 5
 On February 11, 1988, a sentence was imposed on Wilson of ten years imprisonment, followed by three years of supervised release, and a special assessment of $50.00. Sentencing did not conform in all respects with the guidelines under the Sentencing Reform Act of 1984. That state of affairs was brought out at the sentencing hearing. Wilson did not seek to withdraw his guilty plea. Wilson was, however, given a term of supervised release.
 
 
 6
 It is understandable that a busy trial judge might feel it appropriate to apply the law, or some of it, as it was in effect at the date of sentencing rather than as it provided on the earlier date on which the offense occurred, especially when enactment pre-dated the offense. However, under United States v. Whitehead, the language providing for terms of supervised release clearly did not go into effect where the offense occurred prior to November 1, 1987.[1] Consequently, as the parties agree, there should be remand to determine what, and under what circumstances, imposition of special parole should take place. The term of supervised release should not have been imposed, and it is vacated.
 
 
 7
 Wilson advances reasons asserting that the prison term of ten years is faulty but that contention fails for the same reason. Ex post facto claims of Wilson are inapposite since he received continued application of existing law, not application of law enacted after the offense and harsher in character. The term of imprisonment for ten years is affirmed.
 
 
 8
 AFFIRMED IN PART; VACATED IN PART; AND REMANDED.
 
 
 
 [1]
 Sen.Rep. 98-225, 98th Cong., 1st Sess. at 189 (1983), reprinted in 1984 U.S.Code Cong. and Admin.News 3182, 3372: "As to any offense committed prior to the effective date, the pre-existing law will apply as to all substantive matters including the imposable sentence." See Sentencing Act of December 7, 1987, Pub.Law 100-182, Sec. 2(a), 101 Stat. 1266